IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELISSA KOCZKODON : CIVIL ACTION
:
v. :
:
GRAND VERSAILLES, LLC :
et al. : NO. 10-3284

MEMORANDUM

McLaughlin, J. September 17, 2010

The plaintiff brought a personal injury suit against five defendants, including defendants Grand Versailles, LLC ("Grand Versailles") and Interline Corp. ("Interline"), in the Court of Common Pleas of Philadelphia County, Pennsylvania. The plaintiff alleged that as a result of the defendants' negligence, she was scalded by hot water while employed as a banquet server for Grand Versailles. The defendants filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

Defendants Grand Versailles and Interline filed a motion to dismiss for lack of personal jurisdiction. The defendants argue that as New Jersey corporations[1] with no offices, assets or business in Pennsylvania, they lack the necessary minimum contacts with Pennsylvania for the Court to

---

[1]Defendant Grand Versailles is a Limited Liability Company with a sole owner who is a New Jersey citizen. Defs.' Mot. to Dismiss Ex. B, Sideris Aff. ¶ 2.

assert personal jurisdiction.  In particular, the defendants argue that specific personal jurisdiction is improper because the sole connection to Pennsylvania that relates to this case is that the plaintiff is a Pennsylvania citizen.  The defendants additionally argue that general personal jurisdiction is improper because they have not established continuous and systematic contacts with Pennsylvania.

In response, the plaintiff points to the defendants' numerous contacts with Pennsylvania citizens by way of weddings, conferences and seminars held at the defendants' banquet center.  The plaintiff also points to the defendants' website, which she alleges permits Pennsylvania residents to book engagements at the defendants' facility in New Jersey.  The plaintiff argues that these contacts are sufficient for the Court to exercise personal jurisdiction.[2]

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must conduct a two-step inquiry.  First, the court looks to the state long-arm statute that permits the exercise of personal jurisdiction.  The court

---

[2]In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the Court accepts all of the plaintiff's allegations as true and construes disputed facts in favor of the plaintiff. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). Once a defendant has raised a jurisdictional defense, the burden shifts to the plaintiff to prove, by a preponderance of the evidence, that jurisdiction exists in the forum state.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998).

then determines if the exercise of jurisdiction comports with the Due Process Clause of the Constitution. Pennzoil Prods. Co. v. Collelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute is co-extensive with the limits of constitutional due process, and therefore the court must refer to federal constitutional doctrine in assessing personal jurisdiction. See 42 Pa. Cons. Stat. § 5322; Pennzoil, 149 F.3d at 200. Under the Due Process Clause, a court may not exercise jurisdiction over a non-resident defendant unless there are minimum contacts between the defendant and the forum state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945); Pennzoil, 149 F.3d at 201. A court may exercise either specific or general personal jurisdiction.

The Court does not have specific personal jurisdiction over defendants Grand Versailles or Interline Corp. Specific personal jurisdiction exists when a defendant has purposely directed his activities at the forum state and the claim arises from or relates to that conduct. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007); Pennzoil, 149 F.3d at 201. Although the plaintiff points to contacts that she argues constitute purposeful availment of the forum, including the defendants' website and the hosting of Pennsylvania residents at their facility in New Jersey, she has failed to demonstrate that her

3

claim in any way arises from or relates to those contacts with the forum. Instead, the plaintiff's claim sounds in personal injury based on the defendants' conduct in New Jersey. Therefore, because the plaintiff's claim does not arise from or relate to the defendants' contacts with Pennsylvania, the Court cannot exercise specific personal jurisdiction within the limits of the Due Process Clause. See Marten, 499 F.3d at 296.

       The Court also lacks general personal jurisdiction over the defendants. General personal jurisdiction allows a party to be haled into court in a forum whether or not the cause of action has any connection to the forum or the defendant's conduct therein. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984); B.P. Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 262 (3d Cir. 2000). In order for a court to assert general personal jurisdiction, the defendant's contacts with the forum must be continuous and systematic. Helicopteros, 466 U.S. at 415; Marten, 499 F.3d at 296. A plaintiff must show "significantly more than mere minimum contacts" in order for a court to assert general personal jurisdiction. Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d. Cir. 1987).

       The defendants do not have continuous and systematic contacts with Pennsylvania sufficient for general personal jurisdiction. The defendants do not own any assets, conduct

business, maintain an office or pay taxes in Pennsylvania. Defs.' Mot. to Dismiss Ex. B, Sideris Aff. ¶¶ 6-14. Although the defendants maintain business relationships with Pennsylvania residents who attend events at their New Jersey facility, this does not rise to the level of continuous and systematic contacts. Contracting with an entity in the forum is not sufficient to establish general personal jurisdiction where a defendant does not maintain personnel or offices in the forum or directly solicit business therefrom. See B.P. Chems., 229 F.3d at 262-63. Even in cases where the facts have demonstrated a significantly greater presence in the forum than is alleged here, courts have found the contacts to be insufficient for general personal jurisdiction. See Helicopteros, 466 U.S. at 416-18 (finding no general personal jurisdiction where defendant sent CEO to forum for negotiations, purchased goods for substantial sums, and sent personnel for training).

Finally, the defendants' website does not warrant an exercise of general personal jurisdiction.[3] A court may find that personal jurisdiction exists when a website is sufficiently interactive such that it reflects a specific intent to interact

---

[3] The Court does not address whether the website constitutes a constitutionally sufficient minimum contact for specific personal jurisdiction, as the plaintiff's personal injury claim does not arise from or relate to the defendants' website. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003) (citing Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

with residents of the forum.  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003) (citing Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). However, the defendants' website is more passive than those at issue in Toys "R" Us or Zippo[4], and in any event falls well short of the high standard necessary to establish the sort of continuing and systematic contacts required for general personal jurisdiction.

Having decided that the defendants have not established sufficient contacts with Pennsylvania for the Court to exercise personal jurisdiction, the Court need not inquire into whether an exercise of jurisdiction would be reasonable so as to comport with fair play and substantial justice.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

The Court does not find that jurisdictional discovery is warranted based on the current record.  Although the plaintiff never formally moved for jurisdictional discovery, she has referenced discovery both in her opposition brief and through her counsel during a telephone conference with the Court.  The plaintiff indicates that through discovery, she would provide

---

[4]In Zippo, the court found specific personal jurisdiction to be proper where the defendant used its website to contract with over 3,000 individuals and seven internet access providers in Pennsylvania.  Zippo, 952 F. Supp. at 1126. However, the plaintiff did not try to assert general jurisdiction, "conced[ing] that if personal jurisdiction exists in this case, it must be specific."  Id. at 1122.

additional examples of Pennsylvania residents who "conducted business with the defendant, directly or through the defendants' interactive website."  Pl.'s Opp'n to Mot. to Dismiss at 13.  Because the plaintiff's request appears largely duplicative of the issues already in the record, the plaintiff shall inform the Court on or before October 4, 2010, whether she still seeks jurisdictional discovery, and on what specific grounds.  The defendants may respond on or before October 11, 2010.

In addition, during a telephone conference with the Court, the plaintiff's counsel suggested that transfer would be preferable to dismissal in view of possible statute of limitations issues.  The Court finds that transfer may be appropriate under 28 U.S.C. § 1631[5], but has not heard from the defendants on this issue.  The plaintiff shall inform the Court on or before October 4, 2010, whether transfer pursuant to § 1631 is appropriate.  The defendants may respond on or before October 11, 2010.

For the reasons herein stated, the Court finds no personal jurisdiction based on the current record.  The plaintiff shall respond to the Court on or before October 4, 2010 on both

---

[5]28 U.S.C. § 1631 authorizes a court, upon finding that it lacks jurisdiction, to transfer a case to a district where it could have been brought, if it is in the interest of justice to do so.  28 U.S.C. § 1631.

the discovery and transfer issues.  The defendants may respond to the Court on either point on or before October 11, 2010.

An appropriate order shall issue separately.